IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**PUERTO RICO TELEPHONE CO.,**

    **Plaintiff,**

    v.

**PUERTO RICO TELECOMMUNICATIONS REGULATORY BOARD, et al.,**

    **Defendants.**

Civil No. 05-2225 (GAG)

**OPINION AND ORDER**

On November 28, 2005, plaintiff, Puerto Rico Telephone Company ("PRTC"), filed the instant complaint (Docket No. 1) seeking declaratory and injunctive relief from a resolution and order issued by co-defendant Puerto Rico Telecommunications Regulatory Board and its members ("the Board"). Co-defendant Centennial Puerto Rico License Corporation ("Centennial") filed a motion to dismiss claiming that the complaint is time-barred. The Board joins in the arguments made by Centennial (Docket No. 15). Before the court is Centennial's motion to dismiss (Docket No. 12-13) which was timely opposed by PRTC (Docket No. 19). A number of replies followed this opposition (Docket No. 24; Docket No. 26-2; Docket No. 35). For the reasons stated herein, the court **DENIES** the Board and Centennial's (collectively "Defendants") motion to dismiss.

**I.      Standard of Review**

Under Rules 12(b)(1) and 12(b)(6), a defendant may move to dismiss an action against him for lack of federal subject-matter jurisdiction or for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). The court accepts as true all well-pleaded facts and draws all reasonable inferences in the

**Civil No. 05-2225 (GAG)**                              2

plaintiff's favor. See id.; Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008).

## II. Factual & Procedural Background

Centennial filed a complaint with the Board on May 13, 2003, alleging that PRTC was failing to comply with certain provisions of the parties' Interconnection Agreement. The Board decision, which serves as the basis of this proceeding, was issued on April 18, 2005. PRTC filed the instant complaint for declaratory judgment and injunctive relief on November 28, 2005. The instant case is brought under 47 U.S.C. § 252(e)(6), a provision of the federal Telecommunications Act of 1996.

## III. Discussion

Defendants argue that, pursuant to 3 L.P.R.A. § 2172, PRTC's complaint is time-barred because it was not filed within 30 days of the Board's order. PRTC, on the other hand, avers that it filed a federal law action and that the proper statute of limitations is provided by 28 U.S.C. § 1658(a). 28 U.S.C. § 1658(a) provides that "except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section [enacted Dec. 1, 1990] may not be commenced later than 4 years after the cause of action accrues."

In arguing that § 1658(a) should not apply to the case at bar, Defendants contend that PRTC's § 252(e)(6) action is an appeal of an agency adjudication and, therefore, does not constitute a "civil action" at which § 1658 is directed. However, this court recognizes that various sister courts have found that § 1658(a), and not an analogous state law provision, governs appeals under 47 U.S.C. § 252(e)(6). See Verizon Maryland Inc. v. RCN Telecom Servs., Inc., 232 F. Supp. 2d 539, 554 (D. Md. 2002); Bell Atlantic-Pennsylvania, Inc. v. Pa. Pub. Util. Comm'n, 107 F. Supp. 2d 653, 668 (E. D. Pa. 2000); e.spire Communs., Inc. v. Baca, 269 F. Supp. 2d 1310, 1320 (D.N.M. 2003).

Therefore, the four-year statute of limitations provided by § 1658(a) governs the case at bar since the Telecommunications Act was enacted in 1996 and the statute does not provide any specific limitations period. Verizon New England, Inc. v. New Hampshire Pub. Utils. Comm'n, 2005 WL 1984452, at *5 n. 5 (D.N.H. 2005) (citing Pejepscot Indus. Park, Inc. v. Maine Cent. R.R., 215 F.3d 195, 203 n.5 (1st Cir. 2000). PRTC filed its complaint in this court on November 28, 2005, approximately eight months after the Board decision was issued on April 18, 2005. Therefore, the complaint was timely filed.

IV.  **Conclusion**

For the aforementioned reasons, the court **DENIES** the defendants' motion to dismiss.

**SO ORDERED.**

In San Juan, Puerto Rico this 5th day of August, 2010.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge